IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DRADEAN EUTSEY** )<br>)<br>**Plaintiff,** )<br>vs. )<br>)<br>**EQUIFAX INFORMATION SERVICES, LLC** )<br>  **and** )<br>**AMERICREDIT FINANCIAL SERVICES,** )<br>**INC.** )<br>  **and** )<br>**GENESIS FINANCIAL SOLUTIONS, INC.** )<br>  **and** )<br>**WYSE FINANCIAL SERVICES, INC.** )<br>)<br>  **Defendants.** )<br>) | **Civil Action No.** |

## COMPLAINT

### PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended,* the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereafter the "FDCPA"), and other state laws.

### JURISDICTION & VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, 1692, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.      Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### PARTIES

4.      Plaintiff, Dradean Eutsey, is an adult individual residing at 3303 Spaulding Road, Orlando, Florida 32805.

5.      Defendant Equifax Information Services, LLC (hereafter "Equifax") is a business entity which regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

6.      Defendant Americredit Financial Services, Inc. (hereafter "Americredit") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 2 Walnut Grove Drive, Suite 130, Horsham, Pennsylvania 19044.

7.      Defendant Genesis Financial Solutions, Inc. (hereafter "Genesis") is a business entity with its principal place of business located at 8405 SW Nimbus Avenue, Suite A, Beaverton, Oregon 97008. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

8.      Defendant WYSE Financial Services, Inc. (hereafter "WYSE") is a business entity with its principal place of business located at 3410 South Galena Street, Suite 250, Denver, Colorado 80231. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant is regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

9.      Defendant Equifax has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

10.     The inaccurate information includes, but is not limited to, accounts with Americredit.

11. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.

12. Defendant Equifax has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

13. Plaintiff has repeatedly disputed the inaccurate information with Defendant Equifax by both oral and written communications to their representatives and by following Equifax's established procedure for disputing consumer credit information.

14. Plaintiff has repeatedly disputed the inaccurate information with Equifax on multiple occasions, including but not limited to, from December 2009 through the present.

15. In addition to repeatedly disputing the inaccurate information, Plaintiff has provided Defendant Equifax with extrinsic written documentation corroborating Plaintiff's disputes.

16. Notwithstanding Plaintiff's efforts, Defendant Equifax has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendant Equifax continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendant Equifax has repeatedly published and disseminated consumer reports to such third parties, including but not limited to, December 2009 through the present.

17. Despite Plaintiff's efforts, Defendant Equifax has never: 1) contacted the Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; 2)

contacted any third parties that would have relevant information concerning Plaintiff's disputes; 3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; 4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and 5) performed any handwriting analysis.

18. Additionally, Plaintiff has repeatedly disputed the inaccurate information concerning the Americredit account with the Defendant Americredit. Notwithstanding Plaintiff's disputes, Americredit has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, have failed to mark the above accounts as disputed and have continued to attempt to collect monies from the Plaintiff regarding the inaccurate information by the aforementioned conduct.

19. Despite Plaintiff's exhaustive efforts to date, Defendants Equifax and Americredit have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

20. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for

these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

21. Plaintiff's credit reports and file have been obtained from Defendant Equifax and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

22. As a result of Defendants' Equifax and Americredit's conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

23. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress.

24. As a result of Defendants' Equifax and Americredit's conduct, Plaintiff has suffered emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

25. As a result of Defendants' Equifax and Americredit's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to

credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

26. As a result of Defendants' Equifax and Americredit's conduct, Plaintiff has suffered a decreased credit score as a result of multiple inquiries appearing on Plaintiff's credit file.

27. At all times pertinent hereto, Defendants Equifax and Americredit were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

28. At all times pertinent hereto, the conduct of the Defendants Equifax and Americredit, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

29. At all times pertinent hereto, Defendants Genesis and WYSE were hired to collect a debt in relation to an account with First Premier Bank.

30. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

31. At all material and relevant hereto, Plaintiff did not owe the debt to Defendants Genesis and WYSE and have never owed a debt to Defendants Genesis and WYSE.

32. In or around March 2010, Defendants Genesis and WYSE began contacting Plaintiff by telephone in order to coerce payment of the debt.

33. Plaintiff contacted Defendants Genesis and WYSE to advise them that the debt was a result of an identity theft, that the debt did not belong to her, and to stop contacting her.

34. Notwithstanding the above, Defendants Genesis and WYSE continued contacting Plaintiff in order to coerce payment of the debt with the intent to annoy, abuse or harass Plaintiff, including but not limited to sending Plaintiff dunning letters.

35. Defendants Genesis and WYSE acted in a false, deceptive, misleading and unfair manner by communicating with a person other than the debtor.

36. Defendants Genesis and WYSE acted in a false, deceptive, misleading and unfair manner by communicating with a non-debtor on more than one occasion.

37. Defendants Genesis and WYSE acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

38. Defendants Genesis and WYSE acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

39. Defendants Genesis and WYSE knew or should have known that their actions violated the FDCPA.

40. At all times pertinent hereto, Defendants Genesis and WYSE were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants Genesis and WYSE herein.

41. At all times pertinent hereto, the conduct of Defendants Genesis and WYSE as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

42. As a result of the acts and/or omissions of Defendants Genesis and WYSE, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's

reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT ONE – EQUIFAX – VIOLATIONS OF THE FCRA**

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

45. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

46. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

47. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Equifax is liable to the Plaintiff for engaging in the following conduct:

    (a)  willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

    (b)  willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    (c)  willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(d) willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(f) willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(g) willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(h) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(i) willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(j) willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

48. The conduct of Defendant Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant Equifax is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO – AMERICREDIT – VIOLATIONS OF THE FCRA

49. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50. At all times pertinent hereto, Defendant Americredit was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

51. Defendant Americredit violated sections 1681n and 1681o of the FCRA by engaging in the following conduct:

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant Americredit;

(c) willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f) willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendant Americredit, and which proved that the information concerning the Plaintiff's credit reports was inaccurate;

(g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

(h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

52. Defendant Americredit's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant Americredit is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## **COUNT THREE – GENESIS & WYSE – VIOLATIONS OF THE FDCPA**

53. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54. Defendant Genesis is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

55. Defendant WYSE is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

56. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA

57. The above disputes by Plaintiff, as well as the reporting of the inaccurate information to credit reporting agencies by Defendants Genesis and WYSE, are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

11

58. Any alleged debts at issue arose out of a transaction that was primarily for personal, family or household purposes.

59. Defendants Genesis and WYSE, violated the FDCPA. Defendants Genesis' and WYSE's, violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692c(b), 1692e(2)(A), 1692e(10), and 1692f, as evidenced by the following conduct:

   (a) Communicating with any person other than the debtor;

   (b) Communication with any person other than the debtor on more than one occasion;

   (c) The false representation of the amount, character or legal status of a debt; and

   (d) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

60. Defendants Genesis' and WYSE's, acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

61. As a result of the above violations of the FDCPA, Defendants Genesis and WYSE are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT FOUR – EQUIFAX & AMERICREDIT - DEFAMATION

62. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

63. Defendants Equifax and Americredit have published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belong to the Plaintiff.

64. Defendants Equifax and Americredit have published these statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors furnisher or other source.

65. The statements made by Defendants Equifax and Americredit are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

66. Defendants Equifax and Americredit have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

67. Defendants Equifax and Americredit knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them repeatedly through writing, telephone communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

68. Nonetheless, Defendants Equifax and Americredit continue to publish the false and negative statements concerning the Plaintiff's credit history up through the present time.

69. The written statements and publications constitute libel per se.

70. The oral statements and publications constitute slander per se.

71. In addition, and despite the repeated notices from Plaintiff, Defendants Equifax and Americredit have acted with malice by failing to communicate the information provided to

them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to which it provides credit information concerning the Plaintiff.

72. Defendants Equifax and Americredit's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants Equifax and Americredit is liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

## **COUNT FIVE – EQUIFAX & AMERICREDIT - NEGLIGENCE**

73. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

74. Defendant Equifax and Americredit's negligence consists of the following:

(a) Violating the FCRA as set forth above;

(b) Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(c) Failing to review all relevant information concerning Plaintiff's account that was sent to Defendant Americredit;

(d) Failing to report the results of investigations to the relevant consumer reporting agencies;

(e) Failing to report the inaccurate status of the inaccurate information to all credit report agencies to whom Defendant Americredit, originally furnished information;

(f) Failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff;

(g) Failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to creditors;

(h) Failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to creditors;

(i) Failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information;

(j) Failing to delete or correct the inaccurate information from Plaintiff's credit file after reinvestigation;

(k) Failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports;

(l) Failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(m) Failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file;

(n) Failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(o) Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.

75. As a result of Defendants Equifax and Americredit's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

76. The conduct of Defendants Equifax and Americredit was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to

Plaintiff that are outlined more fully above and, as a result, Defendants Equifax and Americredit are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

## COUNT SIX – EQUIFAX & AMERICREDIT INVASION OF PRIVACY/FALSE LIGHT

77. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

78. Defendants Equifax and Americredit's above actions violated Plaintiff's right of privacy by impermissibly accessing Plaintiff's most private information and placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

79. By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendants' Equifax and Americredit invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

80. The conduct of Defendants' Equifax and Americredit, was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants Equifax and Americredit are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

### COUNT SEVEN – GENESIS & WYSE
### INVASION OF PRIVACY/FALSE LIGHT

81. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

82. Defendants' Genesis' and WYSE's conduct, including but not limited to continuing to send dunning letters to Plaintiff after Plaintiff advised Defendants Genesis and WYSE that the debt did not belong to her, constitutes an invasion of privacy.

83. The conduct of Defendants' Genesis and WYSE was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants Genesis and WYSE are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

### JURY TRIAL DEMAND

84. Plaintiff demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o, and 15 U.S.C. §1692k(a)(3);

(e) An order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f) An order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GREGORY J. GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: October 28, 2010